### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | **2:94-cr-0062-MHT** |
| | ) | |
| | ) | |
| CURTIS DRAYTON | ) | |

### MOTION UNDER RULE 35(a) & 36 FED. R. CRIM. P. TO CORRECT SENTENCE FOR CLEAR ERROR

**COMES NOW** the Defendant, Curtis Drayton, and shows as follows:

1.  On November 16, 1994, the Defendant was convicted on counts I, II, VII, XI, XII, XIII, XXI of the indictment. Count I was subsequently dismissed.

2.  On May 22, 1995, the Defendant appeared before the Honorable Anthony Alaimo, United States District Judge to be sentenced on the following counts:

    a.  Count II—engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a).

    b.  Counts VII, XI, XII, and XIII—distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).

    c.  Count XXI—possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

3.  On the aforesaid sentencing date, the Judge orally sentenced the Defendant to one general life sentence, followed by a five (5) year term of supervised release pursuant to the United States Sentencing Guidelines. *See Defendant's Exhibit 1, Sentencing Transcript.*

4. On June 12, 1995, the sentencing court entered of record the <u>Judgment in a Criminal Case</u> specifying that the Defendant was actually being sentenced to six (6) separate sentences. The sentences were to be life on counts II and XXI, and 240 months on counts VII, XI, XII, and XIII, all sentences to be served concurrently. *See Defendant's Exhibit 2, the <u>Judgment in a Criminal Case</u>.*

5. The Defendant has never been properly and legally sentenced because there was never an oral pronouncement of sentence as to at least four (4) of the counts of conviction, and there is conflict between the oral sentence and the written sentence. The Defendant seeks through this motion to have his sentence corrected and made legal by being finally sentenced on all counts in the proper legal manner.

6. On January 12, 2005, the United States Supreme Court issued a final decision in the case of <u>U.S. v. Booker</u>, __ U.S. __, 125 S.Ct. 738 (2005). *Booker* essentially held that the United States Sentencing Guidelines could not be mandatory, applying the principles of <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Defendant intends upon final sentencing pursuant to this motion, to invoke the benefit of *Booker*.

7. Effective December 1, 2004, Rule 35 of the Federal Rules of Criminal Procedure was amended with a new subsection (c), which defines sentencing for purposes of Rule 35 as the oral announcement of the sentence. *See Advisory Committee notes to Rule 35, Federal Rules of Criminal Procedure*. Because the Defendant was not orally sentenced in open court on all counts, his sentence did not become final, and the seven (7) day limitation on the court's jurisdiction to correct the sentence for clear error which appears in Rule 35 (a) does not apply. Sentencing is not final until the

defendant is sentenced on all counts of conviction. <u>In re United States</u>, 898 F.2d 1485, 1486-87 (11th Cir. 1990)(citing <u>U.S. v. Wilson</u> 440 F.2d 1103, 1104-05 (5th Cir. 1971).

8. The Defendant's sentence is clearly defective and erroneous due to the disparity between the oral sentence and the written sentence. The oral sentence is the controlling sentence under the law of this circuit. <u>U.S. v. Khoury</u>, 901 F.2d 975, 977 (11th Cir. 1990); <u>U.S. v. Bates</u>, 213 F.3d 1336 (11th Cir. 2000).

**WHEREFORE**, the premises considered, the Defendant moves pursuant to Rules 35(a) and 36 of the *Federal Rules of Criminal Procedure* for final sentencing on all counts in order to correct the clear error now apparent in the sentencing record of his case.

Respectfully submitted this the 11th day of January 2006.

<u>s/ William R. Blanchard</u>
WILLIAM R. BLANCHARD
Attorney for the Defendant

BLANCHARD LAW OFFICES
505 South Perry Street
Post Office Box 746
Montgomery, Alabama 36101-0746
(334) 269-9691

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | 2:94-cr-0062-MHT |
| | ) | |
| | ) | |
| CURTIS DRAYTON | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: AUSA Louis V. Franklin, Sr., and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a.

Respectfully submitted,

s/ William R. Blanchard
BLANCHARD LAW OFFICES
505 South Perry Street
Post Office Box 746
Montgomery, Alabama 36101-0746
Office: (334) 269-9691
Fax:    (334) 263-4766
(BLA029)