UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



EXHIBIT 1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 94-62-N |
| Plaintiff, | : | |
| vs. | : | |
| CURTIS DRAYTON, | : | Montgomery, Alabama |
| Defendant. | : | May 22, 1995<br>10:10 a.m. |

SENTENCING
BEFORE THE HONORABLE ANTHONY A. ALAIMO
United States District Judge

APPEARANCES:

For the Government:   CHARLES F. TESCHNER
                      Assistant United States Attorney
                      Post Office Drawer 19F
                      Montgomery, Alabama 36101
                      (334) 223-7280

For the Defendant:    RONALD W. WISE, ESQUIRE
                      200 Interstate Park Drive
                      Suite 201
                      Montgomery, Alabama 36109
                      (334) 270-1300

Reported By:          Norma Hatfield
                      Official Court Reporter
                      801 Gloucester Street, Room 237
                      Post Office Box 1316
                      Brunswick, Georgia 31521-1316
                      (912) 262-9989

```
 1                          P R O C E E D I N G S
 2                       (Call to Order 10:10 a.m.)
 3            THE COURT:  United States against Curtis Drayton.
 4    Mr. Wise.
 5            MR. WISE:  Yes.  Good morning, Your Honor.
 6            THE COURT:  Good morning, Mr. Drayton.
 7            THE DEFENDANT:  Good morning.
 8            THE COURT:  Mr. Clerk, would you please administer
 9    the oath to Mr. Drayton?
10            THE CLERK:  Would you please raise your right hand?
11                CURTIS DRAYTON, THE DEFENDANT, SWORN
12            THE DEFENDANT:  I do.
13            THE CLERK:  Please state your full name for the
14    record.
15            THE DEFENDANT:  Curtis Lee Drayton.
16            THE COURT:  Mr. Drayton, if you will remember, on
17    November the 16th of 1994, you were found guilty of Counts
18    Two, Seven, Twelve, Thirteen, and Twenty-one of the
19    Indictment charging you variously with violation of the drug
20    laws of the United States.
21            At this point I will ask you if you have had an
22    opportunity to read and discuss the Presentence Report with
23    your attorney.
24            THE DEFENDANT:  Yes, sir.
25            THE COURT:  Do you have any objection to the
```

1  factual statements contained in the Presentence Report.
2       MR. WISE: Yes, sir. Your Honor, we have
3  objections that were filed with the probation officer as has
4  been stated by previous counsel.
5       THE COURT: Yes, I have them in my file.
6       MR. WISE: As well as, pursuant to this Court's
7  order, a pleading that was filed May 15th reiterating those
8  objections, factually and also to the guidelines, Your
9  Honor.
10      Instead of sitting here reading them to the Judge,
11 I adopt them at this time. And the Court has informed me
12 that the Court has been over them.
13      THE COURT: Yes. With respect to the objections to
14 the Presentence Report's statement of facts, those facts to
15 which there are no objections, I will adopt them as findings
16 by the Court.
17      To those facts to which there are objections and
18 which have been noted by the record, the Court finds by a
19 preponderance of the evidence that the statements contained
20 in the addendum are correct. I am going to adopt them as
21 findings of fact by the Court.
22      With respect to the objections to the probation
23 officer's application of the guidelines, the Court adopts
24 the position of the probation officer and determines that
25 the --

```
 1          MR. WISE:  Your Honor, if I may interrupt you as to
 2   the guidelines?
 3          THE COURT:  Sure, certainly.
 4          MR. WISE:  As Mr. Rubino stated, and as Mr. Tobias,
 5   we also draw the Court's attention to U. S. v. Butler and to
 6   the nature of the formula that the Government has come up
 7   with as to the quantity of drugs.
 8          We would also object, even assuming there was any
 9   reliability to that formula, which we don't concede, then it
10   is not reasonably foreseeable by Mr. Drayton that others
11   would be distributing these drugs.  And Mr. Drayton should
12   only be held accountable for the counts upon which the jury
13   found him guilty, which is substantially less than one
14   hundred and fifty kilograms.
15          Also that also goes to relevant conduct as to the
16   foreseeability.
17          THE COURT:  Yes.
18          MR. WISE:  We also object to the Government and the
19   probation officer finding that Mr. Drayton became a member
20   in 1987.  We submit there is not enough evidence to make
21   that finding.
22          As to the two-point enhancement that Mr. Drayton
23   received for a gun, the gun charge, he was charged along
24   with the others in the conspiracy -- some of the others,
25   Your Honor -- with possession of a firearm.  He was found
```

```
 1  not guilty of that.
 2         The Probation Office has added two points to his
 3  score because he was a member of the conspiracy and because
 4  a co-defendant was found guilty of that charge.
 5         I understand the law.  The law also requires they
 6  have got to prove by a preponderance of the evidence that it
 7  was reasonably foreseeable by Mr. Drayton that a firearm
 8  would be used in connection with the activities in which he
 9  participated.
10         We submit there is not sufficient evidence of that,
11  Your Honor, and ask that the two points not be added, as
12  well as the other objections we have made.
13         THE COURT:  With respect to that added objection to
14  the facts and also to the guidelines reference, as to the
15  appropriate guidelines, I do find by a preponderance of the
16  evidence that the facts underlying that were established,
17  and I will adopt that as the findings of fact by the Court.
18         I will, also, with respect to that, adopt the
19  probation officer's position with respect to the appropriate
20  guidelines.
21         And I find them to be an Offense Level of 44,
22  Criminal History Category Roman Numeral One, which calls for
23  life imprisonment.
24         With respect to supervised release, with respect to
25  Counts Two, Seven, Eleven, Twelve and Thirteen, it calls for
```

```
 1  a range in supervised release from three to five years.
 2  Count Twenty-one is not less than five years of supervised
 3  release.
 4          The fine range is from twenty-five thousand dollars
 5  to $10 million.
 6          No restitution is involved here, but there is a
 7  special assessment of three hundred dollars.
 8          Now do you know of any reason why I should not
 9  proceed with the imposition of sentence at this time?
10          MR. WISE: No, sir, Your Honor, other than the
11  objections we had filed.
12          THE COURT: Yes, sir. Do you wish to make any
13  statement, either one or both of you with respect to the
14  sentence?
15          THE DEFENDANT: No.
16          MR. WISE: No, sir.
17          THE COURT: Accordingly, after, as I say, reviewing
18  the Presentence Report, as well as it's addendum,
19  considering the evidence in the case, pursuant to the
20  Sentencing Reform Act, it is the judgment of the Court that
21  the Defendant, Curtis Drayton, is hereby committed to the
22  custody of the Bureau of Prisons for a term of life.
23          That sentence was selected because of the nature
24  and seriousness of the offenses involved.
25          He does not have the ability to pay a fine, and, of
```

```
 1   course, I will not impose one.  He must pay the three
 2   hundred dollars special assessment which is due immediately.
 3           On release from imprisonment he will be placed on
 4   supervised release for a term of five years during which he
 5   must comply with the standard conditions adopted by this
 6   Court.  And he must not commit any other federal, state, or
 7   local crime, or possess any drugs, illegal controlled
 8   substances, and he must not own, possess, use, or handle
 9   firearms or other destructive devices.
10           Upon release, he is required to report to the
11   Probation Office in the district in which he is released
12   within seventy-two hours.
13           Now there are special conditions here of supervised
14   release, and they involve submission by the Defendant to a
15   drug test if ordered to do so by the probation officer, as
16   well as the participation in a substance abuse program as
17   may be directed by that office.
18           I am remanding him to the custody of the United
19   States Marshal.
20           You are advised that if you are dissatisfied with
21   this sentence, you have a right to appeal from it within ten
22   days from today.
23           Do you understand that?
24           THE DEFENDANT:  Yes, sir.
25           THE COURT:  If you do not appeal within that period
```

```
 1  of time, it means that you will have given up your right to
 2  appeal.
 3          THE DEFENDANT:  Right, sir.
 4          THE COURT:  Of course, you will be entitled to the
 5  assistance of a lawyer during any such appeal.
 6          THE DEFENDANT:  Right.
 7          THE COURT:  If you cannot afford one and can
 8  demonstrate it, the Court will appoint one for you.
 9          Do you understand that?
10          THE DEFENDANT:  (Affirmative nod)
11          THE COURT:  And if you desire, the Clerk there will
12  help you file a notice of appeal.
13          THE DEFENDANT:  Yes, sir.
14          MR. WISE:  Your Honor may I have just a moment,
15  please?
16          THE COURT:  Certainly.
17          Having pronounced sentence, other than the
18  objections which have previously been stated for the record,
19  do you now have any other objection to the Court's findings
20  of fact or conclusions of law or to the manner in which
21  sentence was pronounced?
22          MR. WISE:  None that have not already been brought
23  to the Court's attention by pleadings and through the
24  Probation Office.
25          And we would also renew our objection to the
```

```
 1  offense level.
 2          THE COURT:  The record will so note.
 3      That is the judgment of the Court.
 4      (Recess at 10:16 a.m.)
 5
 6
 7
 8
 9                      CERTIFICATION
10
11      I certify that the foregoing is a true and correct
12  transcript of the stenographic record of the above-mentioned
13  matter.
14
15  _____        ____Feb. 20, 1996____
    Norma Hatfield, Court Reporter        Date
16
```