AO 245 S (Rev. 4/90)(MD/AL. rev. 5/27/92) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama
### Northern Division

**FILED**
JUN 1 2 1995
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

UNITED STATES OF AMERICA

v.

Case Number CR 94-62-N-04

CURTIS DRAYTON
  Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CURTIS DRAYTON, was represented by Ronald W. Wise.

On motion of the United States the Court has dismissed Count I.

The defendant was found guilty on Counts II, VII, XI, XII, XIII, XXI after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 848(a) | Engaging in a Continuing Criminal Enterprise | 06/06/94 | II |
| 21 USC § 841(a)(1) | Distribution of Cocaine Base | 11/18/92 | VII |
| 21 USC § 841(a)(1) | Distribution of Cocaine Base | 12/18/92 | XI |
| 21 USC § 841(a)(1) | Distribution of Cocaine Base | 12/28/92 | XII |
| 21 USC § 841(a)(1) | Distribution of Cocaine Base | 01/08/93 | XIII |
| 21 USC § 841(a)(1) and 18 USC 2 | Possession with Intent to Distribute Cocaine and Aiding and Abetting | 01/30/94 | XXI |

As pronounced on May 22, 1995, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the Clerk, U.S. District Court, a special assessment of $ 300.00, consisting of special assessments of $50.00 for each of Counts II, VII, XI, XII, XIII, and XXI, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 6th day of June, 1995.

Senior United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 04/20/56
Defendant's address: 119 Newby Street, Prattville, AL 36067
Defendant's mailing address: Bureau of Prisons

EOD 6-12-95

Defendant: CURTIS DRAYTON  Judgment--Page 2 of 4
Case Number: CR 94-62-N-04

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for life. This term consists of terms of life on Counts II and XXI, and 240 months on each of Counts VII, XI, XII, and XIII, all such terms to be served concurrently.

The defendant is to stand committed for service of this sentence this date.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: CURTIS DRAYTON
Case Number: CR 94-62-N-0 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on each of Counts II, VII, XI, XII, XIII and XXI, all such terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release according to a schedule to be determined by the probation officer.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall submit to a drug test when ordered to do so by a Probation Officer. If determined necessary by the probation officer, the defendant shall participate in a substance abuse treatment program as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:06-cv-00065-MHT-CSC   Document 1-6   Filed 01/24/2006   Page 4 of 4
AO 245 S (Rev. 4/90)(MD/AL rev. 5/27/92) Sheet 7 - Statement of Reasons

Judgment--Page 4 of 4

Defendant: CURTIS DRAYTON
Case Number: CR 94-62-N-04

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 44 |
| Criminal History Category: | I |
| Imprisonment Range: | Life |
| Supervised Release Range: | 3 to 5 years on Counts II, VII, XI, XII, XIII |
| Supervised Release Range: | 5 years on Count XXI |
| Fine Range: | $ 25,000 to $ 10,000,000 |
| Restitution: | $ 0 |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The Court finds that there is no identifiable victim who incurred a financial loss as a result of this offense, and therefore declines to order restitution.

The sentence is imposed at life, which is the guideline sentence, and the sentence is imposed for the following reason: based on the nature and seriousness of the offense and the need to protect the public from further crimes of the defendant.

The Court finds that the sentence imposed is consistent with the factors stated at 18 U.S.C. § 3553(a) to be considered in imposing a sentence.