IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DRAYTON, pro se., | § | |
| Defendant, | § | 2:06CV65-T |
| v. | § | CASE NUMBER: 2:94-CR-0062-MHT |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

DEFENDANT'S MOTION OBJECTING TO MAGISTRATE JUDGE'S
ORDER CHANGING RULE 35(A) & RULE 36 MOTION TO A
28 U.S.C. § 2255 MOTION

Comes now, Defendant Curtis Drayton, pro se., presently confined at the "Federal Correctional Institution", in Talladega, Alabama, (FCI) Talladega. Is now filing this motion with the court concerning the fact that Magistrate Judge Charles S. Coody, has willfully and erroneously construed the Rule 35(A) & Rule 36 motion filed with the United States District Court on January 11, 2006. The motion in question was filed by Mr. William R. Blanchard, Attorney At Law. Mr. Blanchard did file a "Notice Of Limited Appearance" with the court, please be advised that Mr. Blanchard no longer is the counsel for Defendant Drayton. Drayton will be filing with this court "pro se." until further notice.

PLEA FOR LIBERAL CONSIDERATION

The defendant respectfully moves this Honorable Court to grant all liberal consideration with respect to this action, pursuant to Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. 594 (1972). As the

defendant is <u>not</u> an attorney, has not attended any law school, and has no professional training with respect to filing of any legal pleadings.

## STATEMENT OF FACTS

On January 11, 2006, Mr. William R. Blanchard, Attorney At Law, filed a Rule 35(A) & Rule 36 motion, pursuant to the federal rules of criminal procedure, (please see a copy of that motion, marked as exhibit-A). A copy of the aforementioned motion was sent to both the defendant and to the U.S. Attorney's Office. Prior to having the government respond to the motion, Magistrate Judge Coody, ordered the "Clerk of The Court" to docket the Rule 35(A) & Rule 36 motion as a 28 U.S.C. § 2255 motion.

The magistrate further ordered that "in the newly opened civil action, assign the case to Magistrate Judge and District Judge to whom the instant case is assigned". The Magistrate then also ordered that the Clerk of The Court was to "refer the case to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives."

The defendant was sentenced on May 22, 1995, the sentence was imposed by the Honorable Anthony Alaimo, United States District Judge. On that date Judge Alaimo imposed a single term of "<u>LIFE</u>" on the defendant at sentencing. Notwithstanding the fact that the defendant had been convicted on (SIX) counts, two of those counts carry a term of life, but the four of counts carry a term of (240) months. Consequently, the defendant's sentencing is not complete, because the defendant was not sentenced on all of the counts to which the defendant was convicted, hence, the term

(2)

imposed by the sentencing court never became final, because the defendant was sentenced to fewer than all of the counts to which the defendant was convicted.

Rule 35(A), does allow a defendant to have general sentence corrected at any time and clearly, the defendant was not sentenced to all of the counts to which the defendant was convicted, and because the defendant was not sentenced on all counts, the sentence imposed by the count was not final for purpose of § 1291. Please see, Paganis v. Blonstein, 3 F.3d. 1067-69 (7th. Cir. 1993), the court held "the requirement of finality is a statutory mandate, not a rule of discretion." Alpine State Bank, 941 F. 2d. at 557 (citing 28 U.S.C. § 1291).

There is no reason for the Rule 35(A) & Rule 36 motion filed by Attorney Blachard to be deems as a § 2255 motion, and the only reason that was done, was to set the stage for the action to be dismissed. Please see, United States v. Castro, 290 F.3d. 1270, 123 S.Ct. 993 (2003), the United States Supreme Court held, "it was concluded that the lower District Court can no longer construe a movant's motion for other than what they are meant to be". Also see, Henderson v. United States, 264, F.3d. 708, (7th. Cir. 2001), the court held, "nothing in the (AEDPA) says that a motion not labeled as a § 2255 motion shall neverless be deemed one if one could have been labeled so, accurately."

Effective December 01, 2004, Rule 35 of the Federal Rules of Criminal Procedure was amended with a new subsection (c), which defines sentencing for purpose of Rule 35 as the oral announcement of the sentence. Please see the "Advisory Committee notes to Rule 35",Federal Rules of Criminal

Procedure. Because when the defendant's sentence was imposed the term did not become final, and the seven (7) day limitation on the court's jurisdiction to correct the sentence for clear error which appears in Rule 35(A), does not apply. A defendant's sentence is not final until the defendant has been sentenced on all counts of conviction. In re United States, 898 F.2d. 1485, 1486-87 (11th. Cir. 1990)(citing U.S. v. Wilson, 440 F.2d. 1103, 1104-05 (5th. Cir. 1971). In this Circuit the oral sentence is the controlling sentence under the law. U.S. v. Khoury, 901 F.2d. 975, 977 (11th. Cir. 1990); & U.S. v. Bates, 213 F.3d. 1336, (11th. Cir. 2000).

Clearly, the Magistrate's order is without merit, federal law and this circuit's law does allow for a Rule 35(A) to be filed with the United States District Court, and also, the seven (7) day time frame in which to do so, never started to run because, the defendant's sentence did not become final, because of the single sentence imposed at time of sentencing. The order of the Magistrate is nothing more than a product of premeditated malice, this matter should have been sent on for the government to respond to the true issue and not for the Magistrate to cover-up this very important issue, but he deliberately chose to do so. The motion filed by Attorney Blanchard, was a Rule 35(A) & Rule 36 motion then and still is. The motion was never a 28 U.S.C. § 2255, and should not be made one for the mere purpose of having the action dismissed. (Please see a copy of the Magistrate's order maked a exhibit-B). Also, please see a copy of another Rule 35(A) motion that was filed in the U.S. District Court in New Jersey, on February 08, 2005. As you will see the action was

(4)

docketed as "CIVIL", on line number (11), but on line (14) you will see that a correction was make, "Document #11 **"incorrectly"** docketed as 2255 in Cv-05-761 is to be considered as a criminal motion for correction under cr-91-254 as to EDUARDO MANTILLA. (jb,)(Entered: 05/04/2005)". This docket sheet has been maked as exhibit-C. It is very clear that the Magistrate's order turning the defendant's Rule 35(A) & Rule 36 motion into a 28 U.S.C. § 2255 motion, lacks any verisimilitude what-so-ever, deliberate indifference's towards the defendant, any benefits from that order, are outweighed by a loss of credibility by the federal courts.

The Magistrate Judge is more interested in preserving the government's "win" than he is in the truth, justice and Due Process of law, all of which he has taken a solemn vow to uphold. The great power of our government should only be visited upon individuals even handedly, openly and honestly. The order from the Magistrate Judge turning the defendant's Rule 35(A) & Rule 36 motion, into a 28 U.S.C. § 2255, is a flagrant violation of the courts responsibility. The defendant is requesting that the motion filed as a Rule 35(A) & Rule 36 motion remain as it was filed and allow the government to respond to that motion in it's original form. It is not the Magistrate's place to hand the government **"a way out"**, let them earn it.

## CONCLUSION

For all of the aforementioned statements and federal law, the defendant is requesting that the Rule 35(A) and Rule 36 motion stand before the court as it was filed original form and be ruled on on it's merits.

Respectfully submitted,

*/s/ Curtis Drayton*
Curtis Drayton, pro se.
#09299-002
Federal Correctional Institution
PMB 1000, Unit Delta-B
Talladega, Alabama 35160

Dated: February 03, 2006

---

PROOF OF SERVICE

This is to certify that a copy of the foregoing, has been served on the following by enclosing same in an envelope. First Class Mail, postage prepaid on this 3rd. day of February 2006, addressed as follows:

Mr. Louis V. Franklin, Sr.
A.U.S.A.
P.O. Box 197
Montgomery, Alabama 36101-0197

Mr. William R. Blanchard
Attorney At Law
505 South Perry Street
P.O. Box 746
Montgomery, Alabama 36101-0746

*/s/ Curtis Drayton*
Curtis Drayton, pro se.

(6)