IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv65-MHT |
| | ) | [WO] |
| CURTIS DRAYTON | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading (Doc. # 1) styled as a "Motion Under Rule 35(a) and Rule 36 Fed.R.Crim.P. to Correct Sentence for Clear Error" filed by federal inmate Curtis Drayton ("Drayton") on January 11, 2006.[1] In his motion, Drayton challenges the sentences imposed upon him by this court in 1995 for violations of various federal controlled substance laws.[2] Drayton asserts that the trial court erroneously sentenced him on fewer than all counts of which he was convicted and that, consequently, none of the judgments of conviction in his case are final, his sentences are void, and he is due to be resentenced on all counts. For the reason now discussed, the court concludes that Drayton

---

[1] The court originally docketed Drayton's motion as Doc. # 1874 in Criminal Case No. 2:94cr62-MHT. Pursuant to an order entered on January 24, 2006, the Clerk docketed the motion as a civil action under 28 U.S.C. § 2255, Civil Action No. 2:06cv65-MHT. At the time Drayton's motion was filed, he was represented by attorney William R. Blanchard. However, on February 16, 2006, this court granted Blanchard's motion to withdraw as attorney to Drayton. *See* Docs. # 1878 & # 1879 in Criminal Case No. 2:94cr62-MHT

[2] On November 17, 1994, a jury returned verdicts finding Drayton guilty of engaging in a continuing criminal enterprise (Count 2 of the indictment), four counts of distribution of cocaine base (Counts 7, 11, 12, and 13), and possession with intent to distribute cocaine (Count 21). On May 22, 1995, the court sentenced Drayton to life imprisonment on Counts 2 and 21 and to 240 months' imprisonment concurrently on each of the remaining counts. On August 7, 1998, the Eleventh Circuit Court of Appeals affirmed Drayton's convictions and sentences. *See United States v. Morrow*, 156 F.3d 185 (11th Cir 1998) (unpublished table decision).

is not entitled to any relief.

## I. DISCUSSION

Drayton contends that at his sentence hearing, the trial judge failed to orally pronounce his sentence as to at least four of the counts of which he was convicted. *See* Doc. # 1 at p. 2. Although he acknowledges that the written order of judgment and committal subsequently entered by the trial judge clearly imposes a sentence for each count of conviction, Drayton argues that the alleged deficiencies at oral sentencing preclude the finality of the judgments of conviction in his case. *Id*. He maintains that his sentences are void and that he is due to be resentenced on all counts of which he was convicted. *Id*. at pp. 2-3.

### A. *Request for Relief under Rule 35(a) and Rule 36 of the Federal Rules of Criminal Procedure*

Drayton seeks to utilize the provisions of Rule 35(a) and Rule 36 of the Federal Rules of Criminal Procedure to challenge his sentences. However, neither of these rules authorizes an attack on the sentences in this case. Fed.R.Crim.P. 35(a) provides that "[w]*ithin 7 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." (Emphasis added.) Drayton's sentencing took place in May of 1995. The present motion was filed on January 11, 2006; thus, Drayton's attempt to challenge his sentences under Rule 35(a) is clearly untimely. Fed.R.Crim.P. 36 may be employed to correct "clerical" errors; however, it cannot be used, as Drayton seeks to do here, to make

2

a substantive alteration to a criminal sentence. *See United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003); *United States v. Whittington*, 918 F.2d 149, 150-51 (11th Cir. 1990).

### B. *Applicability of 28 U.S.C. § 2255*

Drayton's asserted claim attacks the fundamental validity of his sentences. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The Eleventh Circuit has determined that the "inadequate or ineffective" savings clause of § 2255 "applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*.

Drayton's claim is not premised upon a retroactively applicable Supreme Court decision, nor was Drayton "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Moreover, Drayton was not foreclosed by the law of this circuit from

presenting the claim now before this court at the time this claim otherwise should have been raised. The pleadings filed herein establish that Drayton was provided the requisite procedural opportunity to raise the instant claim and to have such a claim decided either at trial, or direct appeal, or in a properly filed § 2255 motion. This opportunity is all the Constitution requires. *Wofford*, 177 F.3d at 1244.

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, 177 F.3d at 1245. "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitle to petition for [relief under other rules of statutes], then Congress would have accomplished nothing at all in its attempts -- through statutes like the AEDPA -- to place limits on federal collateral review. *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

It is evident that Drayton designated this action as one under Rule 35(a) and Rule 36

of the Federal Rules of Criminal Procedure in an attempt to circumvent the applicable one-year period of limitation and the restriction on successive petitions contained in the AEDPA.[3]  Drayton seeks relief from this court which is appropriate only under 28 U.S.C. § 2255.  Thus, this court construes the present action to contain a motion to vacate, set aside, or correct sentence under this section.

This is effectively the third § 2255 motion filed by Drayton attacking his controlled substance convictions and the sentences imposed in May of 1995.  Drayton's first § 2255 motion was filed on March 19, 1999.  *See* Doc. # 1247 in Criminal Case No. 2:94cr62-MHT.  This court decided all claims presented in that initial § 2255 motion adversely to Drayton.  *See* Doc. # 1611 in Criminal Case No. 2:94cr62: April 30, 2003, "Recommendation of the Magistrate Judge" (adopted as judgment of the court by final order of July 16, 2003 - Doc. # 1671).  On September 3, 2004, Drayton filed a pleading styled as a "Motion to Correct an Illegal Sentence, Pursuant to Rule 35(a) and Rule 36, of the Federal Rules of Criminal Procedure." *See* Doc. # 1 in Civil Action No. 2:04cv846-MHT.  By that motion, Drayton challenged his May 1995 sentences based on arguments and legal theories nearly identical to the ones he sets forth in the instant motion.  Drayton's motion was denied by this court, which found the motion to be of the same legal effect as a collateral attack on

---

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Drayton's and sentence and, consequently, a successive § 2255 motion which had been filed without Drayton's first receiving certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.[4]  *See* Doc. # 4 in Civil Action No. 2:04cr846-MHT: December 7, 2004, Recommendation of the Magistrate Judge (adopted as judgment of the court by final order of January 1, 2005 - Doc. # 10).

The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Drayton has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive

---

[4]Drayton objected to this court's treatment of his motion as a § 2255 motion. He appealed to the Eleventh Circuit Court of Appeals, and the appellate court ruled that this court had correctly construed his motion as a § 2255 motion. *See* Docs. # 11 & 16 in Civil Action No. 2:04cr846-MHT.

§ 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Drayton's present motion, and the motion is due to be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Drayton on January 11, 2006, be denied and this case dismissed, as Drayton has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 23, 2006**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

7

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 10th day of May, 2006.

          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE