IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
| | ] CIVIL ACTION NO.: 2:06-CV-65-MHT |
| v. | ] [WO] |
| | ] |
| | ] |
| CURTIS DRAYTON | ] |

OBJECTIONS TO RECOMMENDATION OF
THE MAGISTRATE JUDGE

The Defendant, Curtis Drayton, objects to the finding that the relief requested is not available under Fed.R.Crim.P. 35(a) because the motion was not filed within 7 days after sentencing. The Defendant asserts that pursuant to Fed.R.Crim.P. 35(c), that sentencing means oral pronouncement of sentence; and that since the oral sentence did not impose sentence on all counts, it is not yet final, and therefore, Fed.R.Crim.P. 35(a)'s 7 day limitation period has not yet commenced.

More importantly, the Supreme Court has held that there is a "critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule." Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). The difference being that "[d]efenses made available by the time limitations of the Federal Rules of Criminal Procedure are not 'jurisdictional,' but are instead 'claim-processing' that may be unalterable on a party's application but can be forfeited if the party asserting the rule waits too long to raise the point." Eberhart v. United States, 546 U.S. ____, 126

S.Ct. 403, 163 L.Ed.2d 14 (2005)(clearing up the misconception that Criminal Rules of Procedure's limitations periods are jurisdictional and holding that Fed.R.Crim.P. 33's 7 day limitation period is not jurisdictional but instead an inflexible claim-processing rule that can be forfeited if not timely asserted). Here, the Government forfeited its right to rely on Rule 35's limitation period as a defense because it failed to raise it in the district court. The Government failed to file a response and assert the Rule's limitation period as a defense. However, even if the Government had raised Rule 35's limitation period in the district court it could not prevail in barring the Defendant's motion in light of his sentence on fewer than all counts and the Eleventh Circuit's ruling in In Re United States, 898 F.2d 485 (11th Cir. 1990).

WHEREFORE the Defendant respectfully requests for the foregoing reasons and authority that the court reject the recommendation of the magistrate judge and grant the relief requested in the motion.

Dated: May 18, 2006.

Respectfully Submitted

*Curtis Drayton*
Curtis Drayton
Reg. No.: 09299-002
F.C.I. Talladega
PMB 1000
Talladega, AL 35160-8799

Defendant, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing objections upon the government attorney by depositing them in the institutional legal mail system, with adequate first-class postage affixed, and addressed to:

    Mr. Louis V. Franklin
    Assistant U.S. Attorney
    P.O. Box 197
    Montgomery, AL 36101-0197

this the ____ day of May, 2006.

                                                                                     _____
                                                                                     Curtis Drayton
                                                                                     Defendant, Pro Se